UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONTAZ KENNEDY,

    Plaintiff,

v.

Case No. 23-cv-11949
Honorable Linda V. Parker

SAMUEL FIELDS, ET AL.,

    Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S SECOND MOTION FOR EXTENSION OF TIME, ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND GRANTING DEFENDANTS' MOTIONS TO DISMISS**

On August 8, 2023, Plaintiff filed this pro se civil rights action against Defendants asserting constitutional rights violations under 42 U.S.C. § 1983 and state law violations.  (ECF No. 1.)  Plaintiff's claims arise from his removal from the Detroit Rescue Mission Ministries ("DRMM") homeless shelter.  (*Id*.)  Defendants responded to Plaintiff's Complaint with motions to dismiss.  (ECF Nos. 11, 13.)  After receiving several extensions of time to respond to Defendants' motions (*see* ECF Nos. 24, 29, 34), Plaintiff filed response briefs (ECF Nos. 35, 39).  The matter has been referred to Magistrate Judge Curtis Ivy, Jr. for all pretrial proceedings, including a hearing and determination of all non-dispositive matters

pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).

## Magistrate Judge Ivy's Report and Recommendation

On May 14, 2024, Magistrate Judge Ivy issued a report and recommendation ("R&R") recommending that the Court grant Defendants' motions. (ECF No. 42.) With respect to Defendants associated with DRMM, Magistrate Judge Ivy finds no allegations to conclude that they are state actors liable under § 1983. (*Id*. at PageID. 1074-78.) Magistrate Judge Ivy further concludes that Plaintiff's conspiracy claim against all of the named Defendants and procedural due process claim against the Defendants associated with the Detroit Police Department fail because Plaintiff did not possess a constitutional right to housing at the DRMM, and that his retaliation claim fails because he did not engage in constitutionally protected conduct. (*Id*. at PageID. 1078-80, 1082, 1093.)

As to Defendants associated with the Detroit Police Department, Magistrate Judge Ivy first concludes that Chief of Police James White must be dismissed because Plaintiff alleges no facts in his Complaint to establish Chief White's personal involvement in the alleged misconduct. (*Id*. at PageID. 1081-82.) With respect to the individual police officer defendants, Magistrate Judge Ivy finds Plaintiff's allegations insufficient to support a claim for excessive force or unlawful detention. (*Id*. at PageID. 1084-88, 1091-92.) Magistrate Judge Ivy finds

no viable claim based on one officer's alleged derogatory remarks about Plaintiff, and no viable claim alleging a failure to intervene due to the finding that the officers did not engage in excessive force. (*Id*. at PageID. 1088.) Lastly, with respect to Plaintiff's § 1983 claims, Magistrate Judge Ivy concludes that Plaintiff fails to allege facts supporting a substantive due process claim. (*Id*. at 1093-95.)

Having recommended the dismissal of all of Plaintiff's federal claims, Magistrate Judge Ivy recommends that the Court decline to exercise supplemental jurisdiction over his state law claims and dismiss those claims without prejudice. (*Id*. at PageID. 1095.)

At the conclusion of the R&R, Magistrate Judge Ivy advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (*Id.* at PageID. 1096.) Magistrate Judge Ivy further specifically advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right to appeal." (*Id*.) The deadline for Plaintiff to file objections to the R&R was May 31, 2024. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 6(d) (allowing an additional three days when a party is required to act within a specified time after service and service is by mail). Neither party filed objections to the R&R by their applicable deadlines.

**Plaintiff's Motions to Extend Time**

On June 3, the Court received Plaintiff's motion to extend the deadline for his objections, which was signed and dated on the same date. (ECF No. 44.) In that motion, Plaintiff requested an additional 30 days to object to the R&R. In support of his request, Plaintiff stated that his uncle texted him a picture of the envelope from the Clerk's Office, which contained the R&R, on May 18. Plaintiff retrieved the document the following day. (*Id.* at PageID. 1116.) Plaintiff further stated that he suffers from Schizophrenia and Paranoia. (*Id.* at PageID. 1117.) While Plaintiff discussed difficulties he has experienced obtaining his prescribed medications for his mental health conditions (*see id.* at PageID. 1118-21), the narrative reflected that he was taking the medications, although perhaps at dosages different than what had been prescribed. Plaintiff did not express that he lacked the mental capacity to file his objections, and his filing reflected an ability to do so.

Nevertheless, the Court granted in part Plaintiff's request for an extension of time to file his objections by giving him until June 21 to do so. (ECF No. 45.) Instead of filing his objections by that deadline, however, Plaintiff filed a second motion on that date seeking another 30 day extension. (ECF No. 46.) In the motion, Plaintiff does not provide any additional reasons for why he needs more time to file his objections.

4

### Whether Plaintiff's Motion for More Time Should be Granted

Federal Rule of Civil Procedure 6(b)(1) provides, in relevant part: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires . . . ." Plaintiff fails to establish "good cause" for an additional extension of the deadline to object to Magistrate Judge Ivy's May 14 R&R. The Court already granted Plaintiff an extension of time to file his objections. Notably, that extension—although not the full 30 days requested—provided Plaintiff with more than twice the time usually allotted for filing objections. Plaintiff's filings reflect that he has the wherewithal to prepare and submit any objections that he has to the R&R. Plaintiff should have spent the effort and time doing so, rather than drafting his lengthy motions seeking more time.

### Review of the R&R

Because Plaintiff has not filed timely objections to the R&R, he has waived any further right to appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). The Court has carefully reviewed Magistrate Judge Ivy's R&R and concurs in his recommendations. The Court, therefore, adopts the R&R.

Accordingly,

5

**IT IS ORDERED** that Plaintiff's motion to extend time (ECF No. 46) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendants' motions to dismiss (ECF Nos. 11, 13) are **GRANTED**.

                                              s/ Linda V. Parker  
                                              LINDA V. PARKER  
                                              U.S. DISTRICT JUDGE

Dated: June 26, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 26, 2024, by electronic and/or U.S. First Class mail.

                                              s/Aaron Flanigan  
                                              Case Manager