UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONTAZ KENNEDY,

    Plaintiff,

v.                                                       Case No. 23-cv-11949
                                                         Honorable Linda V. Parker

SAMUEL FIELDS, et al.,

    Defendants.
_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL

On June 26, 2024, this Court issued an opinion and order granting Defendants' motions to dismiss Plaintiff's federal claims and declining to exercise jurisdiction over his state law claims. (ECF No. 47.) A Judgment was issued on the same date. (ECF No. 48.) The matter is now before the Court on Plaintiff's motion for an extension of time to file an appeal. (ECF No. 49.) In the motion, Plaintiff indicates that he intends to file a motion pursuant to Federal Rule of Civil Procedure 60(b)(6) after the time to appeal has expired, and he will need additional time to await the Court's ruling before appealing.

Pursuant to Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, notice of appeal generally must be filed within thirty (30) days after the judgment or order being appealed is entered. Fed. R. App. P. 4(a)(1)(A). The time to appeal

is tolled during the pendency of a Rule 60 motion, *provided* the motion is filed within the time allowed for filing a motion under Federal Rule of Civil Procedure 59 (i.e., twenty-eight (28) days after the entry of judgment). Fed. R. App. P. 4(a)(4)(A)(vi); *see also* Fed. R. Civ. P. 59(b), (e). As of this date, Plaintiff has not filed a Rule 60 motion. Therefore, the deadline for him to file his notice of appeal was July 26.

Rule 4(a)(5) applies to a motion for extension of time to appeal and provides:

> (A) The district court may extend the time to file a notice of appeal if:
>
> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
>
> (B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with the local rules.
>
> (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

Fed. R. App. P. 4(a)(5). "Good cause [is] found where forces beyond the control of the appellant prevented [the appellant] from filing a timely notice of appeal." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006) (citations omitted); *see also Mizori v. United States*, 23 F.4th 702, 705 (6th Cir. 2022) (citing *Nicholson*, 467 F.3d at 526) (explaining that "good cause" requires a showing that the "failure to file a timely notice of appeal was the result of 'forces beyond' [the plaintiff's] control"). However, "good cause is applicable *only* to cases where the motion to extend is filed before the 30-day time period expires." *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989) (citing Fed. R. App. P. 4(a)(5), Advisory Committee Notes to 1979 Am.). "[E]xcusable neglect has been held to be a strict standard which is met only in extraordinary cases." *Nicholson*, 467 F.3d at 526 (citing *Marsh*, 873 F.2d at 130); *Proctor v. N. Lakes Cmty. Mental Health*, 560 F. App'x 453, 458 (6th Cir. 2014) (quoting *Nicholson*, 467 F.3d at 526).

Excusable neglect "is a somewhat elastic concept" which considers "all relevant circumstances surrounding the party's omission." *Proctor*, 560 F. App'x at 459 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 395 (1993)). It "is determined by balancing several factors: the danger of prejudice to the other party; the length of the delay and potential impact on the proceedings; the reason for the delay, including whether it was within the party's reasonable control; and whether the movant acted in good faith." *United States v.*

*Hills*, 27 F.4th 1155, 1172 (6th Cir. 2022) (citing *Pioneer*, 507 U.S. at 395). Excusable neglect "encompasses both simple, faultless omissions to act and omissions caused by carelessness." *United States v. Thompson*, 82 F.3d 700, 702 (6th Cir. 1996) (citing *Pioneer*, 507 U.S. at 388); *see also Curry v. Eaton Corp.*, 400 F. App'x 51, 56 (6th Cir. 2010) (quoting *Pioneer*, 507 U.S. at 388). "Ignorance of the rules or mistakes in construing the rules do not usually constitute excusable neglect." *Nicholson*, 467 F.3d at 527 (citing *Pioneer*, 507 U.S. at 392). "[M]istakes by those who proceed without counsel are not necessarily excusable." *Id.* (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

Plaintiff does not establish excusable neglect or good cause in his pending motion. In fact, he offers no explanation for why he has not filed a Rule 60 motion or notice of appeal.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to file a late notice of appeal is **DENIED WITHOUT PREJUDICE**.

                                                 s/ Linda V. Parker  
                                                 LINDA V. PARKER  
                                                 U.S. DISTRICT JUDGE

Dated: July 31, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 31, 2024, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager
