UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONTAZ KENNEDY,

     Plaintiff,

v.                                    Case No. 23-cv-11949
                                    Honorable Linda V. Parker

SAMUEL FIELDS, ET AL.,

     Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S POST-JUDGMENT MOTIONS (ECF NOS. 51, 52)

On August 8, 2023, Plaintiff filed this pro se lawsuit against Defendants alleging claims under 42 U.S.C. § 1983 and state law. (ECF No. 1.) Defendants then filed motions to dismiss. (ECF No. 11, 13.) The matter was referred to Magistrate Judge Curtis Ivy, Jr. for all pretrial proceedings pursuant to 28 U.S.C. § 636. (ECF No. 14.)

On May 14, 2024, Magistrate Judge Ivy issued a report and recommendation (R&R), recommending that the Court grant Defendants' motions to dismiss Plaintiff's § 1983 claims and decline to exercise supplemental jurisdiction over the state-law claims. (ECF No. 42.) Any objections by Plaintiff to the R&R were due on May 31, 2024. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 6(d).

On June 3, Plaintiff filed a motion, which was signed and dated on the same date, requesting a thirty-day extension of time to object to the R&R.  (ECF No. 44.)  In the motion, Plaintiff indicated that he received a copy of the R&R on May 18.  He also discussed difficulties he had experienced obtaining his prescribed medications for his Schizophrenia and Paranoia.  Nevertheless, Plaintiff's narrative reflected that he was taking the medications, he did not express that he lacked the mental capacity to file his objections, and his filing reflected that he had the ability to do so.  The Court still granted him an extension of time until June 21, 2024. (ECF No. 45.)

Instead of filing his objections by that deadline, Plaintiff filed a second motion on June 21, seeking another thirty-day extension.  (ECF No. 46.)  Because Plaintiff offered no explanation for why another extension was needed, the Court denied the motion on June 26, 2024.  (ECF No. 47.)  As the Court reasoned, in addition to failing to show good cause, Plaintiff had been afforded more than twice the usual time allowed to file objections already, his filings reflected that he had the wherewithal to prepare and submit any objections, and he could have spent the allotted time preparing his objections rather than another motion for more time. On June 26, the Court also adopted the R&R (ECF No. 47) and issued a judgment (ECF No. 48).

On July 29, Plaintiff filed a motion for an extension of time to file an appeal. (ECF No. 49.)  In the motion, Plaintiff indicated that he intended to file a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) after the time to appeal expired and, therefore, he needed additional time to await the Court's ruling on that motion before appealing.  The Court denied Plaintiff's motion without prejudice on July 31, 2024, finding that he had not established excusable neglect, or even good cause, for the requested extension.[1]  (ECF No. 50.)

Plaintiff seeks reconsideration of that decision.  (ECF No. 51.)  In the motion, Plaintiff indicates that he failed to inform the Court of his health issues when he sought an extension of time to appeal.  Plaintiff also contends that the Court incorrectly calculated the deadline for the filing of his notice of appeal, as it did not add the three additional days in Federal Rule of Civil Procedure 6(d). Plaintiff also has filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), in which he challenges the Court's order denying his second request for an extension of time to object to Magistrate Judge Ivy's R&R.

---

[1] The Court also explained that a timely-filed Rule 60(b) motion would toll the time for filing a notice of appeal.  (*See* ECF No. 50 at PageID. 1181 (citing Fed. R. App. P. 4(a)(4)(A)(vi); Fed. R. Civ. P. 59(b), (e)).)  For that reason, Plaintiff's intent to file a Rule 60(b) motion did not provide "good cause" for extending the deadline to appeal.

**Applicable Standards**

Both of Plaintiff's motions challenge non-final orders: an order denying an extension of time to appeal and an order denying an extension of time to file objections to the R&R.  As such, they are governed by Eastern District of Michigan Local Rule 7.1(h).  *See* E.D. Mich. LR 7.1(h).  Rule 7.1(h) provides that "[m]otions for reconsideration of non-final orders are disfavored" and may only be granted on three grounds: (1) a mistake of the court "based on the record and law before the court at the time of its prior decision" if correcting the mistake would change the outcome of the prior decision; (2) "[a]n intervening change in controlling law warrants a different outcome"; or (3) "[n]ew facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision."  *Id.*

**The Denial of an Extension to Appeal**

When Plaintiff moved for an extension of time to file a notice of appeal, he did not provide any reasons for why he could not comply with the existing deadline.  His current contention that he suffers "health issues that are causing him difficulties in getting things done" does not convince the Court that a different outcome was warranted.  As this Court has expressed, Plaintiff's filings throughout these proceedings reflect that he has had the capacity to meet the required deadlines.  In any event, Plaintiff's health issues do not appear to be facts that

"could not have been discovered with reasonable diligence[.]"  Plaintiff's second

contention, that the Court did not properly calculate the deadline for him to file his

notice, is incorrect.

Plaintiff claims the Court failed to add the three days in Federal Rule of

Civil Procedure 6(d) when determining the deadline for his notice of appeal.  Even

if Rule 6(d) applied to appellate proceedings, [2] it does not apply to the calculation

of time for filing a notice of appeal.  The additional time provided for in Rule 6(d),

or Federal Rule of Appellate Procedure 26(c), applies only "[w]hen a party may or

must act within a specified time *after being served* . . .."  Fed. R. Civ. P. 6(d)

(emphasis added); *see also* Fed. R. App. P. 26(c) ("When a party may or must act

within a specified time *after being served*, and the paper is not served

electronically on the party or delivered to the party on the date stated in the proof

of service, 3 days are added after the period would otherwise expire under Rule

26(a)) (emphasis added).  The Federal Rules of Appellate Procedure provide,

generally, that in a civil case, "the notice of appeal . . . must be filed with the

district clerk within 30 days *after entry of* the judgment or order appealed from."

Fed. R. App. P. 4(a)(1)(A) (emphasis added).  Moreover, even if the Court

---

[2] The Federal Rules of Appellate Procedure have their own provisions for
computing time.  *See* Fed. R. App. P. 26(c).

miscalculated Plaintiff's deadline, this did not impact its decision to deny his requested extension.

### The Denial of Another Extension to File Objections

Plaintiff also does not demonstrate a mistake by the Court or new facts warranting a different decision with respect to his request for more time to file objections to the R&R.  First, Plaintiff argues that prejudice to Defendants had to be found before denying his motion.  While prejudice to the nonmoving party may be a relevant factor in deciding whether to grant an extension, Plaintiff still had to establish "good cause" to warrant relief.  *See United States v. Oakland Physicians Med. Ctr., LLC*, 44 F4th 565, 568 (6th Cir. 2022) (explaining that "[i]f a plaintiff demonstrates good cause" then the court considers several factors, including prejudice, when exercising its discretion as to whether or not to grant relief); *see also* Fed. R. Civ. P. 6(b).  Plaintiff did not demonstrate "good cause" for the reasons discussed in the Court's June 26, 2024 decision.  (*See* ECF No. 47.)

Plaintiff also argues a lack of mental capacity to file his objections.  As discussed above, however, and as discussed in the Court's previous decisions, Plaintiff's many filings reflect that he had the capacity to timely object.

**Conclusion**

For the reasons stated, the Court finds no error in its previous decisions denying Plaintiff extensions of time to file objections to the magistrate judge's R&R or a notice of appeal.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (ECF No. 51) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for relief from judgment (ECF No. 52) is **DENIED**.

Date: March 7, 2025                    s/LINDA V. PARKER
                                       UNITED STATES DISTRICT JUDGE